In The



Court of Appeals


 

Ninth District of Texas at Beaumont



____________________



NO. 09-05-241 CR


____________________



DAMIEN MCCOLLISTER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. 24,472






 MEMORANDUM OPINION 


 A jury convicted Damien McCollister of aggravated assault. (1) The trial court used a
prior conviction of possession of a controlled substance to enhance the punishment range to
that of a first degree felony. The court assessed punishment at eighteen years' confinement
in the Texas Department of Criminal Justice -- Institutional Division. The two issues raised
on appeal challenge the legal and factual sufficiency of the evidence to sustain McCollister's
conviction. We affirm.

BACKGROUND

 On February 5, 2004, Tonya Pate left the residence she shared with her live-in
boyfriend, Damien McCollister, and approached the owner of a used-car lot. She requested
help for injuries she suffered in beatings she received at home. The business owner called
the police. After being taken to the hospital, Pate reported to the police that McCollister held
her against her will and beat her over a period of several days. The police arrested
McCollister and he was charged with aggravated assault. 

STANDARD OF REVIEW

 In a legal sufficiency review, we consider whether, after viewing the evidence in the
light most favorable to the verdict, any rational trier of fact could find the essential elements
of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.
2781, 2789, 61 L.Ed.2d 560, 573 (1979); Salinas v. State, 163 S.W.3d 734, 737 (Tex. Crim.
App. 2005). In a factual sufficiency review, we consider all of the evidence in a neutral light
and determine whether evidence supporting "the verdict is too weak to support the finding
of guilt beyond a reasonable doubt or if evidence contrary to the verdict is strong enough that
the beyond-a-reasonable-doubt standard could not have been met." Threadgill v. State, 146
S.W.3d 654, 664 (Tex. Crim. App. 2004); see also Zuniga v. State, 144 S.W.3d 477, 484-85
(Tex. Crim. App. 2004). 

SUFFICIENCY OF THE EVIDENCE

 The indictment alleged that McCollister (1) intentionally or knowingly, (2) caused
bodily injury to Pate by striking her on the legs, arms, and back, and (3) that he used or
exhibited an electrical cord and a heater as deadly weapons in the commission of this crime. 
See Tex. Pen. Code Ann. § 22.01(a)(1), 22.02(a)(2) (Vernon Supp. 2005). Because an
electrical cord and heater are not deadly weapons per se, the State must produce evidence
that the items in the manner of their use or intended use were capable of causing death or
serious bodily injury. Tex. Pen. Code Ann. § 1.07(a)(17)(B) (Vernon 2005). We must
determine whether the evidence is sufficient for a rational trier of fact to conclude that
McCollister used or intended to use an electrical cord and heater as deadly weapons to cause
Pate's bodily injuries.

 Under the indictment presented in this case, the State first had to prove that
McCollister acted intentionally or knowingly. To satisfy this element of aggravated assault,
the State presented Pate's testimony. Pate identified McCollister as her assailant. She
testified McCollister said during the beatings "he was not going to be happy until he [saw]
me dead, in the hospital, or had a concussion, or someone close to me was hurt." She stated
that he would beat her, stop for a period of time, and resume again. Pate testified she finally
left McCollister when after about a day and a half of relative calm McCollister told her he
was going to have to beat her again. When McCollister went next door to use the telephone
and left Pate alone in their home, she left to seek help.

 The State also presented witness testimony and pictures to support its burden on the
second element that McCollister caused bodily injury to Pate by striking her on the legs,
arms, and back. The State's pictures of Pate's injuries included photos showing a black eye,
severe bruising, cuts with dried blood, scrapes, and a bite mark. Scott Hamel, the officer
dispatched to the used-car lot, described Pate's injuries as "bruises on top of bruises" and that
"without a doubt you could tell that she was beaten." Officer Garza, the detective assigned
to the case, testified this was "the worst beating [he]'d ever seen [on] an individual that was
still alive." Garza testified Pate had bruises "everywhere from in between her toes to the top
of her head." 

 In addition, Pate testified to her injuries. Pate described how McCollister wrapped
an extension cord around a black leather glove he was wearing and beat her with his fist. She
testified that McCollister also hit her with the pronged part of the cord. Pate also stated that
McCollister bit her in the back, hit her in the head with a heater, hit her with a candlestick,
and kicked her in the eye. Pate testified she now has scars, blurred vision in the injured eye,
and knots and indentations in her head, all of which are due to the beatings. 

 The State also presented testimony to prove the third element of aggravated assault,
that McCollister used or exhibited an electrical cord and a heater as deadly weapons. Officer
Garza testified that Pate's wounds were consistent with being hit with an electrical cord and
a heater. During his search of the residence where Pate claimed she was beaten, Officer
Garza found a dented heater with strands of human hair attached to it. Garza testified that
Pate told him she thought McCollister was going to kill her with the heater. Garza further
testified that based on his training and experience the cord could have been used as a deadly
weapon. 

 As part of McCollister's appeal challenging the legal and factual sufficiency of the
evidence, McCollister asserts the testimony of the State's witnesses was not reliable and the
evidence has too many inconsistencies to support the jury's verdict. McCollister argues only 
Pate, and the two witnesses he presented for the defense, Denise Kimmey (2) and Jerry
McClain, are qualified to testify as they were the only persons with personal knowledge of 
the relationship between McCollister and Pate during the period of the alleged beatings. 
McCollister asserts Pate's testimony is inconsistent with the testimony of Kimmey and
McClain and is thus unreliable. 

 Because of these inconsistencies, McCollister argues there is insufficient evidence to
legally and factually support his conviction. As inconsistencies that lend doubt to Pate's
testimony, McCollister points out Officer Garza did not find an extension cord matching
Pate's description and both Kimmey and McClain testified Pate never told them she was held
against her will. McCollister further points to Pate's testimony about a physical altercation
that Pate had with Kimmey at the house. Pate testified she physically attacked Kimmey and
the two had a lengthy fight that culminated in McCollister's picking up Kimmey and
throwing her against a wall. However, Kimmey testified that although McCollister
approached her and removed money from her pockets at the conclusion of the altercation, he
did not hit or shove her. McCollister also argues that if he had beaten Pate to the extent Pate
claims, she would not have been in any condition to assault Kimmey. 

 McCollister additionally asserts that McClain visited the home he shared with Pate
during the period of the alleged beatings and that McClain did not notice any injuries to Pate. 
McClain testified he came to the house on several occasions during this period and Pate
looked normal each time. However, McClain also stated he was unsure what dates he was
at the house. 

 The trier of fact "is the sole judge of the credibility of the witnesses and of the
strength of the evidence." Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). 
The trier of fact may choose to believe or disbelieve any portion of a witness's testimony. 
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). It is within the sole
province of the jury to reconcile conflicts, contradictions, and inconsistencies in the
evidence. Cooks v. State, 844 S.W.2d 697, 708 (Tex. Crim. App. 1992). Here the jury heard
and considered the inconsistencies in the testimony and determined that McCollister was
guilty of aggravated assault. 

 We review all the evidence in this case giving appropriate deference to the jury's role
as the sole judge of the weight and credibility given to witness testimony. Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000). Viewing the evidence in the light most favorable
to the jury's verdict, we find a rational trier of fact could have found all of the elements of
the offense of aggravated assault proven beyond a reasonable doubt. See Jackson, 443 U.S.
at 319. Considering all the evidence equally, we do not find the evidence supporting the
verdict too weak by itself to support a finding of guilt beyond a reasonable doubt, nor do we
find when weighing the evidence on a balancing scale the contrary evidence so strong that
the beyond-a-reasonable-doubt standard is not met. See Zuniga, 144 S.W.3d at 484-85. 
Issues one and two are overruled.

CONCLUSION

 The judgment of the trial court is AFFIRMED.




 ___________________________

 HOLLIS HORTON

 Justice 




Submitted on November 15, 2005

Opinion Delivered February 15, 2006

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.


1. Although the statute was amended after the commission of the alleged offense,
there were no changes in the section relevant to our analysis of this appeal. Compare Act
of May 28, 2003, 78th Leg., R.S., ch. 1019 § 3, sec. 22.02, 2003 Tex. Gen. Laws 2963
(the statutory provisions in effect at the time of this offense), with Tex. Pen. Code Ann.
§ 22.02 (Vernon Supp. 2005) (current version).
2. This witness was also referred to as Denise Kelly in Pate's testimony.